**Michael Reddig, Atty.**
P. O. Box 22143
Flagstaff, Arizona 86002-22143
(928) 774-9544
Fax (928) 774-2043
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 13 |
| DONNA OLIVER, ) | CASE NO. 2:09-bk-22664 |
| ) | CHAPTER 13 PLAN/ APPLICATION |
| ) | FOR PAYMENT OF ADMINISTRATIVE |
| ) | EXPENSE/ NOTICE OF DATE TO FILE |
| Debtors. ) | OBJECTIONS TO PLAN |

1. Notice is given that debtor(s) have filed the enclosed plan and that pursuant to order of the court, plan confirmation governed by the following requirements:

Any objections to the plan must be in writing, filed with the clerk and copies served on the following parties no later than November **12,** **2009**

| | |
|---|---|
| US Bankruptcy Court | Mr. Edward Maney |
| 230 N. 1st Ave./Ste. 101 | Chapter 13 Trusee |
| Phoenix, AZ 85003-1727 | P.O. Box 10434 |
| | Phoenix, AZ 85064-0434 |
| | |
| Donna Oliver | MIchael Reddig, Attorney for Debtor(s) |
| 2025 W Desert Hollow Dr. | P.O. Box 22143 |
| Cottonwood, AZ 86326 | Flagstaff, AZ 86002 |

3. The trustee's written recommendation is to be filed; filed within the 25 days after the above date to file objections to plan.

4. If no objections are filed and the trustee recommends confirmation, the plan can be confirmed without a hearing.

5. If no objections are filed and/or if the trustee does not recommend confirmation, the plan can be confirmed without a hearing provided that the trustee and all objecting creditors agree to a stipulated confirmation order. If unable to so agree and stipulate, a hearing will be set with notice to the debtor, debtor's attorney and each objecting party.

6. The failure of a party in interest to timely file an objection to confirmation of a plan on the granting of a motion for moratorium shall constitute acceptance of the plan or motion pursuant to 11 U.S.C. Section 1325 (a) (5) (A).

Dated: October 1, 2009     /s/ Michael  Reddig /s/
             MICHAEL REDDIG, Attorney for Debtor

CHAPTER 13 PLAN
*********************************************************************************************************

Your rights may be affected by this Plan. If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest. If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims. To receive payment on an unsecured claim, you must file a proof of claim with the Bankrutpcy Court, even if this Plan provides for your debt. A creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.
*********************************************************************************************************

A. Plan Payments and Property to be Submitted to the Plan

(1) Plan payments start on __10/14__, 2009. The debtor shall pay the Trustee as follows:

Months _1_ to _60_ at $ _100.00_ /mo. = $ _6,000.00_

Total # of payments: _60_   total amount: $ _6,000.00_. Under 1325(b)(4) the applicable period is 36 months.

(2) Debtor will submit the following property in addition to plan payments: _____

When payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan can be discharged.

Note: The Plan shall not constitute an informal proof of claim for any creditor.

**(B) Trustee's Percentage Fee**. Pursuant to 28 U.S.C. 586(c), the Trustee may collect the percentage fee from all payments and property received.

**(C) Treatment of Administrative Expenses and Claims.** Except for adequate protection payments under (C)(1), the Trustee will make disbursements to creditors after the Court confirms this Plan. Disbursements by the Trustee shall be in the following order:

(1) *Preconfirmation adequate protection payments:*

Preconfirmation adequate protection payments. Pursuant to Local Rules, the Trustee is authorized to make preconfirmation adequate protection payments to the following creditors without a Court order, provided the claim is property listed on Schedule D, and the creditor files a secured proof of claim that includes the security agreement. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid to these claimants are paid in full.

(2) *Administrative expenses.* Section 507(a)(2)

(a) Attorney fees. Debtor's attorney received $ 1,100.00 before filing. The balance of $ 2,400.00 shall be paid by the trustee.

(b) Other administrative expenses. None.

(3) *Leases and Unexpired Executory Contracts.* Pursuant to § 1322(b), the Debtor assumes the following lease or unexpired executory contract, and proposes repayment of the any arrearage as follows:

| Creditor | Property Description | Estimated Arrearage Amount | Arrearage Through |
|---|---|---|---|
| None | | | |

(4) ***Claims Secured by Security Interest in Real Property***. Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition arrearages shall be cured through the Trustee. The actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's proof of claim.

| Creditor/Servicing Agent | Property Description | Estimated Arrearage Amount | Arrearage Through |
|---|---|---|---|
| HomEq | homestead | none | |

(5). ***Claims Secured by Personal Property***.

| Creditor | Property Description | Secured Claim Amount | Interest Rate | Lien to be Release Upon |
|---|---|---|---|---|
| NONE | | | | |

6. ***Priority Claims***. The Plan provides for full payment of claims pro rata entitled to priority treatment under § 507.

   (a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition.

   | Claimant | Estimated arrearage |
   |---|---|
   | none | $ |

   (b) Other unsecured priority claims.

   | Claimant | Estimated arrearage |
   |---|---|
   | none | $ |

(7) ***Nonpriority Unsecured Claims.*** Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

**(D)** **Lien Retention.** As provided above, secured creditors shall retain their liens until the secured claim is paid, payment of the underlying debt is determined under nonbankruptcy law, or upon discharge.

**(E)** **Surrendered Property.** Debtor surrenders the following property. Upon confirmation of the Plan by the Court, bankruptcy stays are lifted as to the surrendered collateral. Any claim submitted by the creditor will receive NO distribution until the creditor files an amended proof of claim or one that reflects a deficiency balance remaining on the claim. Property to be surrendered or lease rejected:

**(F)** **Application for Payment of Attorney Fees.** Counsel for the debtor has received a pre-petition retainer of $ 1,100, to be applied against fees and costs incurred by the Debtors. Fees and costs in excess of the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense.

Counsel for the debtor has agreed to a total sum of $ 3,500.00 to represent the Debtor(s) in this case. In consideration for this sum, Counsesl has agreed to perform the following services: Review of financial documents and information, consultation/planning/advice, including office visits and telephone communications, preparation and filing of petition, schedules, Statement of Financial Affairs, Master Mailing Matrix, Plan preparation analysis, necessary amendments and revision; creditor negotiation; representation at 341 meeting of creditors; representation at the first Lift Stay hearing; representation for Plan confirmation and resolution of Trustee Recommendations; responses to Motions to Dismiss; and client contact and follow up for all related matters up to a twenty hour maximum for all above services.

All other services shall be billed at the rate of $175.00 per hour for attorney time and $ 60 per hour for paralegal time.  Counsel shall file and notice a separate Fee Application detailing the additional fees and costs requested.

**(G)** **Vesting**. Vesting of property of the estate.  Property of the estate shall revest in the Debtor upon confirmation of the Plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the Debtor post-petition pursuant to § 1306.  The following property shall not revest in the Debtor upon confirmation:  None

**(H)** **Post-petition Tax Returns**. While the case is pending, Debtor shall provide a copy of any post-petition tax returns within 30 days after filing the return with the tax agency.

**(I)** **Funding Shortfall**. Debtors will cure any funding shortfall before the Plan is deemed completed.

**(J)** **Discharge**. Pursuant to § 1328(a), at this time:   __x_ Debtor is entitled to receive a discharge.
                                                             ____ Debtor is NOT entitled to receive a discharge.

**(K)** **Varying Provisions**. The Debtor submits the following provisions that vary from the Local Plan Form:  NONE

**(L)** **Plan Summary**.  If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

    (1) Administrative Expenses: .................................... $___2,000_____
    (2) Priority Claims: .............................................. $_____0_____
    (3) Payments on Leases or to Cure Defaults, Including Interest: ......... $_____0_____
    (4) Payments on Secured Claims, Including Interest:  ................... $_____0_____
    (5) Payments on Unsecured, Nonpriority Claims ...................... $___4,000_____
    (6) SUB-TOTAL ................................................. $___5,400_____
    (7) Trustee's Compensation (10% of Debtor's Payments) ................. $____600_____
    (8) Total Plan Payments: ....................................... $___6,000_____

**(M)** **Section 1325 analysis**

 (1) Best Interest of the Creditors Test:
   (a) Value of debtor's interest in nonexempt property ............                $_____0____
   (b) Plus:  Value of property recoverable under avoiding powers ....              $_____0____
   (c) Less:  Estimated Chapter 7 administrative expenses ..........                $_____0____
   (d) Less:  Priority Claims .......................................               $_____0____
   (e) **Equals:**  Estimated amount payable to unsecured, nonpriority claims if debtor filed a Chapter 7   $_____0____

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

 (2) Section 1325(b) analysis:
   (a) Amount from Line 58, FormB22C, Statement of Current Monthly Income . . . . . . . . . . . . . . .   $_____0_____
   (b) Applicable Commitment Period ........................................                         x   60
   (c) Section 1325(b) amount ((b)(1) amount times 60) ....................................        $_____0_____

 (3) Estimated Payment to Unsecured, Nonpriority Creditors Under Plan ........................  $___4,000___


DATED:           ___10/2/09_____

Attorney's signature         ___/s/ Michael Reddig   /s/____

___/s/ Donna Oliver /s/___
Debtor